UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAUL J. STANN,

        Plaintiff,

v.                                   Case No:   6:18-cv-1499-WWB-LRH

THE FIRST LIBERTY INSURANCE
CORPORATION,

        Defendant.

_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT:

| | |
|---|---|
| **MOTION:** | **RENEWED MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 (Doc. No. 108)** |
| **FILED:** | **April 9, 2021** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

| | |
|---|---|
| **MOTION:** | **RENEWED MOTION FOR ATTORNEY FEES AND MOTION FOR APPELLATE ATTORNEY FEES (Doc. No. 109)** |
| **FILED:** | **April 9, 2021** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I.   BACKGROUND.

On July 24, 2018, Plaintiff Paul J. Stann, through counsel of record Hewett G. Woodward, Esq., commenced this action in state court against Defendant The First Liberty Insurance Corporation, alleging, in part, breach of contract by Defendant's failure to properly compensate him for a covered loss under a homeowner's insurance policy.   Doc. No. 2.   On September 12, 2018, Defendant removed the matter to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, alleging diversity of citizenship between the parties.   Doc. No. 1.   On October 9, 2018, Defendant filed a Motion to Dismiss the Complaint or, in the Alternative, Motion to Stay Proceedings Pending Mediation, arguing that Plaintiff had invoked mediation under the subject insurance policy prior to filing this lawsuit.   Doc. No. 10.

On November 30, 2018, Plaintiff filed an amended one-count complaint, alleging breach of contract based on Defendant's failure to compensate Plaintiff for the full value of his losses under the insurance policy.   Doc. No. 25.   On December 10, 2018, Defendant filed another motion to dismiss as it related to the amended complaint, again arguing that the amended complaint should be dismissed, or the case be stayed pending the outcome of mediation.   Doc. No. 27.   On May 21, 2019, the Court held a hearing on Defendant's motions to dismiss.   Doc. No. 39.   After the hearing, the Court granted in part and denied in part Defendant's motions to

dismiss, stayed the case for sixty days, and ordered Defendant to submit the case to mediation pursuant to the policy within ten days.   Doc. No. 41.

On July 11, 2019, Defendant filed a Notice of Mediation Conference stating that mediation took place on July 9, 2019, and that it resulted in an impasse.   Doc. No. 42.   The Court therefore lifted the stay.   Doc. No. 43.   Defendant subsequently tendered a $13,151.71 payment to Plaintiff.   Doc. No. 47-1.[1]

On August 7, 2019, Plaintiff filed his first Motion for Entitlement to Attorney Fees, and Motion to Determine the Reasonable Amount of Fees and Costs.   Doc. No. 45.   I denied that motion without prejudice for failure to comply with Local Rule 3.01(g).   Doc. No. 46.

On August 12, 2019, Plaintiff filed a renewed, two-page Motion for Entitlement to Attorney Fees.   Doc. No. 47.   In support, Plaintiff argued that by paying all or part of Plaintiff's claim after he filed this lawsuit, Defendant confessed judgment pursuant to Fla. Stat. § 627.428.   *Id.*   Defendant opposed the motion. Doc. No. 51.   The motion was referred to the undersigned.

On October 8, 2019, I issued a Report and Recommendation recommending that Plaintiff's motion be denied.   Doc. No. 56.   In particular, because Defendant

---

[1] According to a letter from Defendant's representative, Defendant tendered a check for $13,151.71 to Plaintiff based on Defendant's claim estimate prepared in anticipation of mediation.   The total estimate was $23,915.23, from which Defendant subtracted the $8,000.00 deductible and a previous payment of $4,014.68, but included interest of $1,251.16.   Doc. No. 47-1, at 1.

did not dispute coverage and only disputed the amount of Plaintiff's loss, and the parties were in the process of resolving the matter through mediation when Plaintiff filed the complaint, I found that Defendant's actions did not necessitate Plaintiff's filing of the complaint, and an award of attorney's fees would be inconsistent with the purposes of § 627.428. *Id.*

Plaintiff filed seventeen pages of objections to the Report and Recommendation. Doc. No. 57. Defendant responded in opposition. Doc. No. 58.

Prior to the presiding District Judge's ruling on the Report and Recommendation, Defendant notified the Court that the parties had reached a partial settlement of the case, and that the only issue that remained pending was Plaintiff's claim for attorney's fees and costs. Doc. No. 64. According to Plaintiff, on December 30, 2019, Defendant tendered an additional $57,500 check to Plaintiff to settle this case, which excluded attorney's fees and costs. Doc. No. 111, at 6.

Thereafter, while the Report and Recommendation remained pending, on January 9, 2020, Plaintiff filed a "Motion for Partial Summary Judgment, Plaintiff's Motion for Entitlement to Attorney Fees and Costs and Motion in Further Support of Plaintiff's Objections to the Report and Recommendation." Doc. No. 65. Defendant responded in opposition. Doc. No. 66. On April 2, 2020, the presiding District Judge denied Plaintiff's motion for partial summary judgment and ordered

it stricken because the motion "attempt[ed] to relitigate motions already pending before this Court (Docs. 47, 56, 57)," and the motion was untimely pursuant to the requirements of the Case Management and Scheduling Order ("CMSO").   Doc. No. 80.   On the same day, the Court dismissed the case with prejudice, based on Defendant's notice of settlement.   Doc. No. 81.

In the interim, but after the additional $57,500 payment, on January 13, 2020, Defendant served a proposal for settlement ("PFS") on Plaintiff, seeking to resolve "all damages" for $7,500, which would be paid in addition to all prior payments. Doc. 93-1.   Plaintiff never accepted the proposal, so it was deemed rejected.   *See* Fla. Stat. § 768.79(1); Fla. R. Civ. P. 1.442(f).

On April 16, 2020, while the undersigned's Report and Recommendation remained pending, Plaintiff filed a motion to reopen the case, purportedly "for the limited purpose of entering a judgment and awarding reasonable attorney fees and taxable costs" to Plaintiff.   Doc. No. 82.   On the same day, Plaintiff also filed another Motion for Attorney Fees and Costs, in which Plaintiff again attempted to litigate the issue of whether Defendant confessed judgment after the suit was filed pursuant to Fla. Stat. § 627.428.   Doc. No. 83.   Plaintiff also filed a proposed Bill of Costs, which stated that judgment was purportedly entered against Defendant on

April 2, 2020.   Doc. No. 84.   Defendant responded in opposition to each of these filings.   Doc. Nos. 85, 87, 88.[2]

On May 5, 2020, Defendant filed a motion for sanctions under 28 U.S.C. § 1927 against Plaintiff's counsel, arguing that counsel had unreasonably and vexatiously multiplied these proceedings by his filings in this case, which included multiple motions for attorney's fees, a motion for partial summary judgment, objections to the undersigned's Report and Recommendation, and proposed costs, each of which had been opposed by Defendant.   Doc. No. 91.

The presiding District Judge adopted the undersigned's Report and Recommendation regarding Plaintiff's request for attorney's fees on May 6, 2020, and overruled Plaintiff's objections.   Doc. No. 92.   On the same day, the presiding District Judge also denied as moot Plaintiff's motion to reopen the case (Doc. No. 82) and his April 16, 2020 motion for attorney's fees (Doc. No. 83), because the issue of attorney's fees had been resolved.   *See* Doc. No. 92.

Thereafter, on May 13, 2020, Defendant also filed a Motion for Attorney Fees pursuant to Florida Rule of Civil Procedure 1.442, Florida Statutes § 768.79, and

---

[2] Defendant had also filed a Motion to Stay, and Motion for Extension of Time to Respond to, Plaintiff's Motion for Attorney Fees and Costs, which was ultimately denied as moot.   Doc. Nos. 86, 92.   Notably, Plaintiff responded in partial opposition to that motion, with which Plaintiff actually submitted additional supporting documents regarding the motion for attorney's fees in support.   Doc. No. 89.

Federal Rule of Civil Procedure 54, arguing that it was entitled to attorney's fees pursuant to the January 13, 2020 PFS.   Doc. No. 93.

On May 22, 2020, new co-counsel, Jeremy D. Bailie, Esq., appeared on Plaintiff's behalf.   Doc. Nos. 94–96.   Mr. Bailie filed a notice of appeal of the presiding District Judge's Order adopting the Report and Recommendation regarding Plaintiff's request for attorney's fees.   *See* Doc. Nos. 97, 99, 102.   Mr. Bailie also responded in opposition to the motion for attorney's fees pursuant to the PFS.   Doc. No. 95.

Because the matter was on appeal, I denied Defendant's motions for sanctions and attorney's fees without prejudice to renewal after resolution of the appeal. Doc. No. 104.   The Eleventh Circuit ultimately affirmed the presiding District Judge's rulings.   Doc. Nos. 106–07.   The mandate issued on March 25, 2021.   Doc. No. 107.

Defendant has now renewed its motion for sanctions under § 1927, and its motion for attorney's fees pursuant to the PFS.   Doc. Nos. 108–09.   Plaintiff has responded in opposition to both.   Doc. Nos. 110–11.[3]   The motions were again referred to the undersigned for a recommendation on their disposition.

---

[3] The response in opposition to the motion for sanctions under § 1927 was filed by Mr. Woodward (the attorney against whom the sanctions are sought, *see* Doc. No. 118), Doc. No. 110, while the response in opposition to the motion for attorney's fees pursuant to the PFS was filed by Mr. Bailie, Doc. No. 111.

Plaintiff, through counsel, requested a hearing on both motions.   Doc. No. 112.   On August 17, 2021, the undersigned ordered supplemental briefing on the issue of attorney's fees pursuant to the PFS, as more fully discussed below.   Doc. No. 113.   Both parties timely filed their supplemental briefing.   Doc. Nos. 114–15. And on October 18, 2021, the undersigned held a hearing solely related to the motion for sanctions under § 1927.   *See* Doc. Nos. 117, 122.   *See also Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007) ("Plainly, an attorney threatened with sanctions under § 1927 is entitled to a hearing." (citing *Reynolds v. Roberts*, 207 F.3d 1288, 1302 (11th Cir. 2000))).[4]

This Report and Recommendation on both motions (Doc. Nos. 108, 109) follows.

## II.    LEGAL STANDARDS.

A.    <u>28 U.S.C. § 1927</u>.

Section 1927 provides that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."   28 U.S.C. § 1927.   Because § 1927 is penal in nature, it

_____

[4] On motion, Mr. Bailie was excused from the hearing based on representations that Defendant's motion for sanctions under § 1927 did not pertain to any conduct of Mr. Bailie. *See* Doc. Nos. 118–19.   Accordingly, Mr. Woodward, and counsel who appeared on his own behalf, *see* Doc. No. 120, attended the hearing, *see* Doc. No. 122.

must be strictly construed.   *Peterson v. BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1997).   "[A] district court's authority to issue sanctions for attorney misconduct under § 1927 is either broader than or equally as broad as the district courts authority to issue a sanctions order under its inherent powers."   *Amlong*, 500 F.3d at 1239 (citing *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1178 n.6 (11th Cir. 2005)).

Section 1927 "is not a 'catch-all' provision for sanctioning objectionable conduct by counsel."   *Peterson*, 124 F.3d at 1396.   "For sanctions under section 1927 to be appropriate, something more than a lack of merit is required."   *Amlong*, 500 F.3d at 1242.   The movant must demonstrate: (1) that the attorney engaged in unreasonable and vexatious conduct; (2) that the unreasonable and vexatious conduct multiplied the proceedings, and (3) that the dollar amount of the sanction bears a financial nexus to the excess proceedings.   *Peterson*, 124 F.3d at 1396. Conduct is not sanctionable "unless it results in proceedings that would not have been conducted otherwise."   *Id.*   To "unreasonably and vexatiously" multiply proceedings within the meaning of the statute, an attorney's conduct must be "so egregious that it is tantamount to bad faith."   *Amlong*, 500 F.3d at 1239–42 (citations and quotation marks omitted).   However, "it is clear from the statutory language and the case law that for purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct."   *Id.* at 1239.

B.    <u>Proposal for Settlement</u>.

Federal courts sitting in diversity jurisdiction apply the substantive law of the

forum state and federal procedural law.   *Horowitch v. Diamond Aircraft Indus., Inc.*,

645 F.3d 1254, 1257 (11th Cir. 2011).   Fla. Stat. § 768.79 is a substantive law, and

thus it applies in this diversity case.   *See id.   See also* Fla. R. Civ. P. 1.442 (related

state rule of civil procedure for offers of judgment/proposals for settlement); *Divine*

*Motel Group, LLC v. Rockhill Ins. Co.*, 722 F. App'x 887, 890 (11th Cir. 2018) ("Rule

1.442(b) applies in federal court because it is substantive for *Erie* purposes.").

Fla. Stat. § 768.79, as relevant here, provides as follows:

> In any civil action for damages filed in the courts of this state, if a
> defendant files an offer of judgment which is not accepted by the
> plaintiff within 30 days, the defendant shall be entitled to recover
> reasonable costs and attorney's fees incurred by her or him or on the
> defendant's behalf pursuant to a policy of liability insurance or other
> contract from the date of filing of the offer if the judgment is one of no
> liability or the judgment obtained by the plaintiff is at least 25 percent
> less than such offer, and the court shall set off such costs and attorney's
> fees against the award. Where such costs and attorney's fees total more
> than the judgment, the court shall enter judgment for the defendant
> against the plaintiff for the amount of the costs and fees, less the
> amount of the plaintiff's award.

Fla. Stat. § 768.79(1) (effective July 1, 1997).

By its plain terms, § 768.79 applies only to cases in which a judgment is

entered.   *See, e.g.*, *MX Investments, Inc. v. Crawford*, 683 So. 2d 584, 586 (Fla. 1st Dist.

Ct. App. 1996), *approved*, 700 So. 2d 640 (Fla. 1997) ("Actual entitlement to fees under

the amended statute still requires the entry of a *judgment*.").   Section 768.79 "must

be strictly construed because the offer of judgment statute and rule are in derogation of the common law rule that each party pay its own fees." *See Willis Shaw Exp., Inc. v. Hilyer Sod, Inc.*, 849 So. 2d 276, 278 (Fla. 2003).

### III.    ANALYSIS.

A.    Defendant's Entitlement to Sanctions Under 28 U.S.C. § 1927.

As discussed above, to be entitled to sanctions under § 1927, Defendant must demonstrate: (1) that Plaintiff's counsel engaged in unreasonable and vexatious[5] conduct; (2) that the unreasonable and vexatious conduct multiplied the proceedings, and (3) that the dollar amount of the sanction bears a financial nexus to the excess proceedings. *Peterson*, 124 F.3d at 1396.   The standard is an objective one. *See Amlong*, 500 F.3d at 1239–40.

Defendant points to Plaintiff's[6] filing of the motion for partial summary judgment on January 9, 2020, which Defendant coins Plaintiff's "third" motion for

---

[5] The term "vexatious" is not defined in § 1927.   Courts, therefore, apply the ordinary meaning of the term. *See, e.g., Hinds v. Credigy Receivables, Inc.*, No. 6:07-cv-1081-Orl-28GJK, 2008 WL 5381345, at *3 (M.D. Fla. Dec. 23, 2008) (discussing § 1927 and citing Black's Law Dictionary for definition of "vexatious" to mean "without reasonable or probable cause or excuse; harassing; annoying").

[6] Although Defendant seeks fees under § 1927 solely against Plaintiff's counsel (Mr. Woodward), the opposition briefing was filed by counsel on behalf of Plaintiff.   Thus, "Plaintiff" as it relates to fees under § 1927 also refers to Plaintiff's counsel. *See also Smith v. Grand Bank & Tr. of Fla.*, No. 04-80343, 2005 WL 6106148, at *7 (S.D. Fla. Apr. 28, 2005) ("Section 1927 only applies to attorneys or persons admitted to conduct cases in a court of law." (citing *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991))).

attorney's fees.   Doc. No. 108, at 10.   *See* Doc. No. 65 ("third" motion).   The Court denied that motion and struck the filing from the docket for attempting to litigate motions already pending, Doc. No. 80, a ruling which the Eleventh Circuit confirmed, Doc. No. 106.   Defendant also points to the subsequent motion for fees filed on April 16, 2020, filed even after the motion for partial summary judgment was stricken, which Defendant calls the "fourth" motion for fees, by which Defendant claims Plaintiff "resubmit[ted] a motion that had previously been denied."   Doc. No. 108, at 10.   Then, after Defendant responded to the "fourth" motion, Plaintiff improperly tried to file new time records and affidavits supporting his requests.   *Id.* at 11.   *See* Doc. No. 89.   Defendant claims that these filings, coupled with "other documents in this case" demonstrate that Plaintiff suffocated the Court's docket.   Doc. No. 108, at 10–11.[7]   Defendant asks the Court to consider Plaintiff's conduct as a whole in making improper and duplicative filings, and conclude that Plaintiff's counsel has multiplied the proceedings in this case, warranting sanctions under § 1927.   *Id.* at 13-14.   Defendant seeks a total of $9,894.28 in sanctions thereunder.   *Id.* at 16.   At the hearing, Defendant reiterated these arguments, and clarified that it seeks sanctions against Mr. Woodward for

---

[7]   As but one example of "other documents," Defendant contends that Plaintiff improperly filed an expert affidavit from James S. Hauser, in which Mr. Hauser improperly testified that Plaintiff was the prevailing party, and that Plaintiff was "clearly entitled to attorney fees" because Defendant "confessed judgment."   Doc. No. 108, at 12–13.   *See* Doc. No. 89-2 (Hauser affidavit).

filings related to Plaintiff's "third" motion for fees, and all filings related to fees and costs filed thereafter.   *See* Doc. No. 123.[8]

In response, Plaintiff first argues that the Court lacks jurisdiction to consider Defendant's motion because in dismissing the case, the Court only retained jurisdiction "to resolve the ***pending*** motions over attorney's fees."   Doc. No. 110, at 9 (emphasis in original).   Plaintiff also urges the Court to deny the request for sanctions because Defendant "has not shown that any of the motions were frivolous or filed bad faith," and instead, "counsel filed the motions (and responses) in a good faith effort to preserve and pursue [Plaintiff's] fees and costs claim <u>and</u> to defeat [Defendant's] proposals for settlement."   Doc. No. 110, at 2, 10–11 (emphasis in original).   To the contrary, Plaintiff contends that each of the motions were filed in good faith, "to pursue legitimate claims for fees and cost," again rehashing his argument previously made to this Court and on appeal that Defendant's July 30, 2019 payment of $13,151.71 and the December 27, 2019 payment of $57,500 constituted two separate confessions of judgment by Defendant.   *Id.* at 13–15. Plaintiff further claims that his objections to the undersigned's October 8, 2019 Report and Recommendation "were valid."   *Id.* at 16.   Plaintiff also states that the

---

[8] At the hearing, counsel for Defendant confirmed that Defendant is not seeking sanctions for the filing of the complaint, nor is it seeking sanctions under Federal Rule of Civil Procedure 11.   *See* Doc. No. 123.   Instead, the motion is focused solely on the attempts to relitigate the issue of attorney's fees under Fla. Stat. § 627.428.

type of filings he made in this case "are regularly made in these types of cases," and that "never did the Court warn him that his filings were unreasonable or egregious." *Id.* at 17. Finally, Plaintiff states that Defendant incurred no excessive fees or costs, and that imposing sanctions would not serve the interests of justice in this case. *Id.* at 18. At the hearing, Mr. Woodward reiterated these arguments through counsel, and Mr. Woodward also spoke to same on his own behalf. *See* Doc. No. 123.

As an initial matter, regarding Plaintiff's jurisdictional argument, at the hearing Mr. Woodward's counsel properly conceded that the Court has jurisdiction, thus withdrawing that argument. *See* Doc. No. 123. *See also Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020) ("[A] district court may address a sanctions motion based on its inherent powers or § 1927 even if it lacks jurisdiction over the underlying case."); Doc. No. 116 (September 15, 2021 Order directing Clerk of Court to close the case but retaining jurisdiction "over the pending motions concerning attorney's fees and sanctions"). Given this concession, and that the Court clearly has jurisdiction to consider the motion for sanctions (Doc. No. 108), the jurisdictional argument is not further addressed herein.

At the hearing, and contrary to Plaintiff's response (Doc. No. 110), Mr. Woodward's counsel also appropriately conceded that an objective standard applies to the question of whether sanctions are warranted under § 1927. *See* Doc.

No. 123.   *See also Amlong*, 500 F.3d at 1239 ("[I]t is clear from the statutory language and the case law that for purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct.").   Thus, the undersigned applies an objective standard here.   *See Amlong*, 500 F.3d at 1239.[9]

Consequently, the sole issue is whether counsel for Plaintiff's conduct in filing the subject motions and other papers amounts to objectively "unreasonable and vexatious conduct," thus multiplying the proceedings and warranting the imposition of sanctions under § 1927 in this case.   Upon review, I will respectfully recommend that the Court find that Defendant has sustained its burden, in part, in demonstrating that sanctions are warranted.

As discussed above, while the Report and Recommendation remained pending on Plaintiff's claim for attorney's fees, *see* Doc. Nos. 47, 56, Plaintiff filed several additional filings directed to the same issue that was already pending before the Court.   Those filings included:

- January 9, 2020 motion for partial summary judgment, *i.e.*, the "third" motion for fees (Doc. No. 65)

_____

[9]  That is not to say that Plaintiff's subjective intentions have no role in the analysis. *See Traffic Sports USA, Inc. v. Federacion Nacional Autonoma De Futbol De Honduras*, No. 08-20228-CIV, 2008 WL 4792196, at *4 (S.D. Fla. Oct. 31, 2008) ("[T]he attorney's subjective state of mind is frequently an important piece of the calculus, because a given act is more likely to fall outside the bounds of acceptable conduct and therefore be unreasonable and vexatious if it is done with a malicious purpose or intent.").

- February 20, 2020 reply in support of partial summary judgment (Doc. No. 76)

- April 16, 2020 motion to reopen the case to enter judgment and award fees (Doc. No. 82)

- April 16, 2020 "fourth" motion for attorney's fees (Doc. No. 83)

- April 16, 2020 Bill of Costs stating that judgment had been entered against Defendant on April 2, 2020 (Doc. No. 84)

- May 4, 2020 response in opposition to motion to stay/motion to extend time, attaching new evidence in support of motion for attorney's fees and requested costs (Doc. No. 89)

Plaintiff's multiple filings seeking the same relief from the Court, without awaiting on a ruling on the initial Report and Recommendation, viewed objectively, are not well taken.   *Cf. Coleman v. Oasis Outsourcing, Inc.*, 779 F. App'x 649, 653 (11th Cir. 2019) (finding no abuse of discretion in award of sanctions under § 1927 where counsel pursued a frivolous claim obstructing the litigation, requiring the defendant to expend resources in filing a motion to dismiss and for sanctions, after counsel was warned about the defects in his claim); *O'Rear v. American Family Life Assurance Co.*, 144 F.R.D. 410, 413–14 (M.D. Fla. 1992) (awarding sanctions against the plaintiff and his counsel because they repeatedly filed complaints that restated the original allegations, despite the court's orders dismissing the complaints).   *See*

*also In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 278 F.3d 175, 186 (3d Cir. 2002) (affidavits filed merely to restate already rejected arguments or otherwise filed without proper purpose supported award of fees under § 1927); *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184–85 (7th Cir. 1992) (finding § 1927 sanctions are appropriate in situations in which "counsel acted recklessly, counsel raised baseless claims despite notice of the frivolous nature of these claims, or counsel otherwise showed indifference to statutes, rules, or court orders."); *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2020 WL 4333559, at *2 (D. Kan. July 28, 2020) (sanctions appropriate under § 1927 where, in part, the plaintiff set forth several arguments previously rejected, and "in particular that plaintiffs had filed the same motion seeking recusal, based on the same expert report, without waiting for a ruling on their previous motion.").[10]

However, upon consideration, and contrary to Defendant's position, the undersigned does not find that Plaintiff's "third" motion for fees (*i.e.*, the motion for partial summary judgment (Doc. No. 65)) was enough on its own to demonstrate

---

[10] In his papers and at the hearing, Plaintiff again attempted to distinguish his motions for attorney's fees based on his contention that Defendant separately confessed judgment by making payments on two different occasions after he filed suit. Doc. No. 110, at 13–14; Doc. No. 123. Because the Eleventh Circuit has already explicitly rejected this argument, the undersigned does not revisit the merits of that argument here. *See Stann v. First Liberty Ins. Corp.*, 845 F. App'x 843, 848 (11th Cir. 2021). That both Mr. Woodward and his counsel expressed their disagreement with this result at the hearing is, without more, unpersuasive.

that Plaintiff unreasonably multiplied these proceedings.   Giving Mr. Woodward the benefit of the doubt, as he explained in his papers and at the hearing, he believed that there were distinct legal issues raised in the "second" and "third" motions. Although Plaintiff later found out this was not the case, *see* Doc. Nos. 80, 106, and was admonished that the "third" motion was indeed an attempt to litigate motions already pending before the Court, *see* Doc. No. 80,[11] prior to that point in the litigation, Plaintiff's request for attorney's fees remained pending, and Plaintiff had not been placed on notice that his "third" motion was improperly filed.[12]

However, given that the Court denied and struck the "third" motion for fees for attempting to relitigate motions already pending and for violating Local Rule 3.01(a), Plaintiff was clearly placed on notice at that point.   *See id.*   Undeterred, Plaintiff proceeded to file a motion to reopen the case to enter judgment and award fees (Doc. No. 82); a "fourth" motion for attorney's fees (Doc. No. 83); the Bill of Costs (Doc. No. 84); and additional evidence in support of his fee motions (Doc. No. 89).   Thus, at the very least, Plaintiff, through counsel, unreasonably multiplied the

---

[11] Not to mention that the motion for "partial summary judgment" was filed outside of the deadline for dispositive motions set forth in the CMSO.   *See* Doc. No. 80. *See also* Doc. No. 21.

[12] This is not to say that counsel's knowledge that the filings were improper is dispositive as to whether sanctions are appropriate under § 1927, but the undersigned has considered counsel's knowledge that the filings were improper as a factor in the analysis.

proceedings by these filings.[13]   *See generally Kaplan v. Burrows*, No. 6:10-cv-95-Orl-35DAB, 2011 WL 5358180, at *8 (M.D. Fla. Sept. 6, 2011) ("A plaintiff may have a good faith basis for pursuing a claim, but if their continued conduct and abuse of the judicial system is tantamount to bad faith, § 1927 sanctions become appropriate."), *report and recommendation adopted*, 2011 WL 5358666 (M.D. Fla. Oct. 31, 2011).   Accordingly, I will respectfully recommend the Court find that sanctions under § 1927 are warranted against Plaintiff's counsel in this case, for his conduct in filing the motion to reopen the case (Doc. No. 82), the "fourth" motion for fees (Doc. No. 83), and forward.

However, as discussed above, sanctions under § 1927 "must bear a financial nexus to the excess proceedings."   *See Peterson*, 124 F.3d at 1396; 28 U.S.C. § 1927. Here, Defendant fails to carry its burden in this regard.[14]

Specifically, Defendant merely points to an affidavit and billing records attached to its motion to argue that:

---

[13]   At the hearing, neither Mr. Woodward nor his counsel provided any new arguments as to why these additional filings would not be subject to sanctions under § 1927.   Rather, they claimed that Mr. Woodward was attempting to protect his client's interests, reiterated their (clearly foreclosed) argument concerning the confession of judgment issue, and attempted to argue that some of the improperly filed motions and papers were in response to Defendant's filings, however those arguments were clearly refuted by the docket.   *See* Doc. No. 123.

[14]   I again note that Defendant seeks sanctions against Mr. Woodward for the filing of the "third" motion for attorney's fees (Doc. No. 65).   However, as stated herein, I do not recommend that the Court find sanctions warranted for the filing of that motion.

> The attached declaration establishes that the amounts claimed are reasonable, and the time spent was necessarily and reasonably incurred. The descriptions in the time entries show that these fees were incurred because of the sanctionable conduct. The total amount claimed is **$9,894.28.**

Doc. No. 108, at 16. The affidavit submitted in support is likewise unhelpful, simply pointing to sixteen (16) pages of billing records, and essentially asking the Court to figure out what records are or are not attributable to sanctionable conduct. *See* Doc. No. 108-1. Specifically, the affidavit points to those billing records, stating "[t]hey accurately set out the activities billed to Liberty that Liberty claims should be awarded under 28 U.S.C. § 1927," but that "[t]he highlighted entries represent time that Liberty does not seek under 28 U.S.C. § 1927, that it includes entries "marked as 'WIP' which means the time has not yet been billed to Liberty," and that "[t]o account for potential write offs or discounts, this should be reduced by 10%. *See id.* ¶ 14. The affidavit also states that "[t]here are several time entries where the rate and amount columns are blank. Those represent time entries that were 'cut' and not billed to Liberty in the exercise of billing judgment." *See id.* ¶ 15.

These statements are confusing at best, and do not properly apprise the Court of a "financial nexus" between the attorney's fees sought and the excess proceedings. *See* 28 U.S.C. § 1927. Accordingly, I will respectfully recommend that the Court find that Defendant is entitled to fees under § 1927, for, at minimum,

Plaintiff's filings directed to attorney's fees under § 627.428 after the Court denied and struck the motion for partial summary judgment, *see* Doc. No. 80, but that pursuant to Local Rule 7.01(c), Defendant be permitted to file a supplemental motion on the amount of fees by a date certain set forth by the Court, upon complying with the mandates of the Local Rule (including the requirement that it confer with Plaintiff regarding the motion).

      **B.**    <u>Defendant's Entitlement to Attorney's Fees Pursuant to the PFS</u>.

Defendant also moves for an award of attorney's fees based on the January 13, 2020 proposal for settlement ("PFS").   Doc. Nos. 109, 109-1.   Defendant claims that "judgment" was entered in this case on May 6, 2020 for purposes of § 768.79, when the Court denied Plaintiff's request for attorney's fees.   Doc. No. 104, at 4; *see* Doc. No. 92.   Defendant argues that it is entitled to fees pursuant to the PFS because the PFS was valid; the PFS was made in good faith; and the PFS entitles it to attorney's fees because Plaintiff recovered $0.00 following service of the PFS.   Doc. No. 109, at 5–10.[15]   Plaintiff opposes the motion, and again argues that the Court lacks jurisdiction to consider it.   Doc. No. 111.

---

[15] In the motion, Defendant also makes conclusory assertions that the "Eleventh Circuit transferred consideration of the application for appellate attorney fees to this Court," and that fees under § 768.79 include fees incurred on appeal.   Doc. No. 109, at 3, 4, 7.   In support, Defendant attaches an Order from the Eleventh Circuit which states, in entirety, "Motion of the First Liberty Insurance Corporation to Transfer Consideration of Attorney's Fees Application" is GRANTED.   *See* 11th Cir. R. 39-2(d)."   Doc. No. 109-2. However, Defendant fails to further address the issue of appellate attorney's fees or

Upon review of Defendant's motion, the undersigned ordered supplemental briefing from the parties because it was unclear from their papers whether Fla. Stat. § 768.79 even applies in this case.    Doc. No. 113.    Specifically, it was unclear whether § 768.79 applies given that the parties had resolved the liability portion of this case via settlement, and the only outstanding issue to be resolved by the Court was the issue of attorney's fees and costs.    *Id.* at 3.    Accordingly, the undersigned ordered Defendant to file a supplemental brief to include the following:

> (1) citation to legal authority establishing that in a case such as this, where the parties reached a settlement regarding liability and the issue of attorney's fees remained outstanding, a PFS was properly directed solely to the outstanding claim of attorney's fees;

> (2) citation to legal authority establishing that the Court's May 6, 2020 Order denying Plaintiff's motion for entitlement to attorney's fees (Doc. No. 92) is a "judgment" for purposes of Fla. Stat. § 768.79, which would allow Defendant to recover fees pursuant to a PFS;

> (3) citation to legal authority establishing that the Court should disregard all prior payments made by Defendant to Plaintiff in settling the liability portion of this case in determining whether Plaintiff's

---

provide any legal authority in support.    Accordingly, I will respectfully recommend that the Court find such perfunctory argument regarding entitlement to appellate attorney's fees waived.    *See generally N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").    Thus, the remainder of this Report addresses solely Defendant's request for fees incurred in this Court, and whether the PFS entitles Defendant to recovery of those fees.    Nonetheless, I note that even if the Court found that Defendant sufficiently set forth its basis for requesting fees incurred on appeal, as discussed herein, Defendant has not established that § 768.79 applies in this case, and thus the Court should reject Defendant's request for appellate attorney's fees for the same reasons.

monetary recovery (or lack thereof) in this case falls within the confines of the statute.

*Id.* at 3–4.   Defendant timely filed its supplemental brief addressing these issues, and Plaintiff timely filed his response.   Doc. Nos. 114–15.

Defendant, for its part, states that it "is aware of no case that addresses directly whether a [PFS] will entitle a party to an award of attorney fees when the only claim remaining at the time of the PFS is for attorney fees."   Doc. No. 114. Defendant essentially asks the Court to treat the issue as one of first impression, and hold that the plain text of, and purpose behind, Fla. Stat. § 768.79 allows for an award of fees in such circumstances.   *Id.* at 1–5.   Defendant also urges the Court to find that its May 22, 2020 Order is a "judgment" for purposes of § 768.79, warranting an award of fees in its favor.   *Id.* at 5–6.   Finally, Defendant suggests that it is not asking the Court to disregard any prior payments, but the Court should find it entitled to fees because the PFS offered $7,500 over and above amounts previously paid to Plaintiff, after rejection of which Plaintiff recovered $0.   *Id.* at 7–8.   Plaintiff, of course, disagrees with each of these propositions.   Doc. No. 115.

With the supplemental briefing complete, the matter is now ripe.   And on review of all of the parties' filings related to the above-styled motion, I will respectfully recommend that Defendant's request for fees pursuant to the January 13, 2020 PFS be denied, for the reasons discussed below.

First though, the undersigned notes that Plaintiff once again incorrectly asserts that the Court lacks jurisdiction to consider Defendant's motion.   Pursuant to Federal Rule of Civil Procedure 54(d)(2), the Court may rule on a timely motion for attorney's fees following entry of a judgment.   *See* Fed. R. Civ. P. 54(d)(2)(A)– (B) ("A claim for attorney's fees and related nontaxable expenses must be made by motion . . . no later than 14 days after the entry of judgment."); *see also* Local Rule 7.01(b).   In this case, Defendant timely filed its motion for fees seven days after the presiding District Judge's Order on the issue of fees.   Doc. Nos. 92–93.   And the Court afforded Defendant an additional twenty-one days after the issuance of a mandate from the Court of Appeals to renew its motion.   Doc. No. 104.   Thus, the Court did not need to specifically retain jurisdiction to consider a motion for attorney's fees from Defendant.   *See, e.g.*, *Jalosinski v. Dorel Juvenile Grp., Inc.*, No. 2:13-cv-371, 2015 WL 4395406, at *2 (M.D. Fla. July 16, 2015) (rejecting substantially similar argument).

On the merits, however, Defendant has not established that in a case such as this, where the parties reached a settlement regarding liability and the issue of attorney's fees remained outstanding under § 627.428, a PFS (and the related fee-shifting provisions of Fla. Stat. § 768.79(1)) was properly directed solely to the outstanding claim of attorney's fees.   As discussed above, during the pendency of this suit, Defendant tendered a $13,151.71 payment to Plaintiff, and then Defendant

tendered another $57,500.00 payment to Plaintiff, purportedly resolving all liability aspects of this case as it related to Plaintiff's breach of contract claim, leaving outstanding solely Plaintiff's claim for fees and costs.   *See* Doc. Nos. 47-1, 64, 65-1.

Defendant candidly concedes that it has located no authority, from Florida or federal courts, supporting its position that, as here, a PFS can be directed solely to a statutory fees claim after the underlying claims have resolved via settlement. Doc. No. 114, at 1.   Lacking citation to any case analogous to one such as this, Defendant asks the Court to treat the issue as one of first impression and to create a new statutory carve-out in § 768.79.   I recommend that the Court decline Defendant's invitation.

As an initial matter, absent authority addressing this issue, and because § 768.79 is in derogation of the common law and must be strictly construed, the Court should decline to permit expansion of the statute beyond that already permitted under Florida law.   *Cf. MDS (Canada) Inc. v. Rad Source Techs., Inc.*, No. 09-CV-61652, 2016 WL 8738281, at *6 (S.D. Fla. Jan. 8, 2016) (recommending denying motion for fees under § 768.79, in part, because there was no controlling Florida law on the issue at hand and § 768.79 must be strictly construed), *report and recommendation adopted*, 2016 WL 8738282 (S.D. Fla. Jan. 27, 2016).

Moreover, given that there are no cases addressing the issue, and based on the plain language of § 768.79, it does not appear that an award of attorney's fees

would be proper in a situation such as this, where the liability portion of the case was resolved via settlement, and the only issue outstanding is the issue of fees and costs.  *Cf. Hon Realty Corp. v. First Am. Title Ins. Co.*, No. 07-20494-CV, 2008 WL 11408453, at *6 (S.D. Fla. Jan. 17, 2008) (declaratory judgment action in which the plaintiff also sought attorney's fees did not constitute a claim for "damages" giving rise to a claim for attorney's fees under § 768.79), *aff'd*, 403 F. App'x 421 (11th Cir. 2010).   And Defendant's argument in this regard in its supplemental briefing is confusing at best.   Specifically, Defendant contends that had Plaintiff prevailed on his quest for attorney's fees, any fees "would have been part of any judgment Plaintiff recovered."   Doc. No. 114, at 3.   So, Defendant's suggestion in its supplemental briefing that the Court's May 6, 2020 Order on the issue of fees constituted a separate judgment to which a fee obligation under § 768.79 can attach is seemingly contradictory.  *See* Doc. No. 114, at 5–6.   Given that § 768.79 would only apply in this case if there was a "judgment of no liability," and the parties resolved the liability portion of this case by settlement, I recommend the Court decline to impose fees under § 768.79 in this case.

In sum, because § 768.79 must be strictly construed, I recommend the Court decline Defendant's invitation to expand the scope of the statute to include a PFS directed solely to a claim for attorney's fees, after the parties have apparently resolve all liability aspects of the case.  *See generally Willis Shaw Exp., Inc.*, 849 So.

2d at 278 (Section 768.79 "must be strictly construed because the offer of judgment statute and rule are in derogation of the common law rule that each party pay its own fees").[16]

## IV.   RECOMMENDATIONS.

For the reasons discussed herein, **I RESPECTFULLY RECOMMEND** that the Court:

1.   **GRANT in part and DENY in part** Defendant's Renewed Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (Doc. No. 108), as set forth herein, **FIND** that Defendant is entitled to an award of fees under § 1927 against Mr. Woodward for the filings at docket entries 82, 83, 84, 89, each of which were directed to attorney's fees and costs under § 627.428, and each of which were filed after the Court denied and struck

---

[16] I note that even if the Court concluded that § 768.79 could apply in a situation such as this, it is not clear whether Defendant's PFS would survive scrutiny under Florida law.   The PFS states that it "resolves all damages that would otherwise be awarded in a final judgment."   Doc. No. 109-1¶ 4.   The PFS further states that the $7,500 payment under the PFS "is in addition to all payments previously made," that Plaintiff will voluntarily dismiss the case with prejudice in exchange for the offered $7,500, that "[a]ttorneys' fees are part of [Plaintiff's] legal claim, and that the PFS "includes attorneys' fees."   *Id.* ¶¶ 5–7.   Thus, the PFS is not, on its face, directed *solely* to resolving a claim of attorney's fees, as Defendant sets forth in its motion and supplemental briefing.   *See* Doc. Nos. 109, 114.   So, I question whether even if a PFS can be directed to a statutory attorney's fee claim alone, the PFS here would be sufficiently specific.   *See State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079–80 (Fla. 2006) ("[A] settlement proposal [must] be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification. . . . [S]ettlement proposals must clarify which of an offeree's outstanding claims against the offeror will be extinguished by any proposed release.").

the motion for partial summary judgment (the "third" motion for attorneys' fees), *see* Doc. No. 80, and **PERMIT** Defendant to file a renewed motion for quantification by a date set forth by the Court.

2.       **DENY** Defendant's Renewed Motion for Attorney Fees and Motion for Appellate Attorney Fees (Doc. No. 109).

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.   Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 12, 2021.

*Leslie R. Hoffman*

**LESLIE R. HOFFMAN**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Presiding District Judge
Counsel of Record