UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAUL J. STANN,

    Plaintiff,

v.                                                Case No. 6:18-cv-1499-WWB-LHP

THE FIRST LIBERTY INSURANCE
CORPORATION,

    Defendant.
                                        /

## ORDER

THIS CAUSE is before the Court on Defendant's Renewed Motion for Sanctions Pursuant to 28 U.S.C. § 1927 ("**Motion for Sanctions**," Doc. 108) and Defendant's Renewed Motion for Attorney Fees and Motion for Appellate Attorney Fees ("**Motion for Attorney's Fees**," Doc. 109). United States Magistrate Judge Leslie Hoffman Price issued a Report and Recommendation ("**R&R**," Doc. 124) in which she recommends that Defendant's Motion for Sanctions be granted in part and its Motion for Attorney's Fees be denied. (*Id.* at 27–28). Plaintiff, and his counsel Hewett G. Woodward, filed an Objection (Doc. 125), to which Defendant filed a Response (Doc. 126).

### I.   BACKGROUND

No party has objected to the relevant background as fully set forth in the R&R and it is hereby adopted and made a part of this Order accordingly. (Doc. 124 at 2–8).

### II.   LEGAL STANDARD

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made."

28 U.S.C. § 636(b)(1).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*  The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636."  *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990).  The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement.  *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)).  The court will not consider "[f]rivolous, conclusive, or general objections."  *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

### III. DISCUSSION

Plaintiff and Woodward argue that Magistrate Judge Hoffman Price erred when she determined Woodward improperly attempted to relitigate motions that were pending despite this Court's April 2, 2020 Order (Doc. 80) because such Order did not address the merits of the issues.  They insist that Plaintiff's argument was not addressed until the Court ruled on Magistrate Judge Hoffman Price's Report and Recommendation in the May 6, 2020 Order (Doc. 92).  Woodward also argues that Magistrate Judge Hoffman Price did not make the requisite finding of bad faith.

Plaintiff and Woodward's arguments are not well taken.  An attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  "[I]t is clear from the statutory language and the case law that for purposes of § 1927, bad faith turns not on the

attorney's subjective intent, but on the attorney's objective conduct." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007).  Thus, "the district court must compare the attorney's conduct against the conduct of a 'reasonable' attorney and make a judgment about whether the conduct was acceptable according to some objective standard. The term 'vexatiously' similarly requires an evaluation of the attorney's objective conduct." *Id.* at 1239–40.

The record is clear that Woodward attempted to relitigate the issue that was pending in the October 8, 2019 Report and Recommendation (Doc. 56) by filing his motion for summary judgment.  He was put on notice by this Court that it would not indulge in such tactics when the Court struck the motion and expressly instructed Woodward that he was attempting to relitigate pending issues.  (Doc. 80).  Nonetheless, Woodward did not heed this Court's warning and continued his attempt to relitigate the pending attorney's fees issue rather than wait for this Court's ruling.  Such actions unreasonably and vexatiously created needless motion practice.

No reasonable attorney would have continued to file duplicative motions seeking attorney's fees while the same motion was pending before the Court.  Further, Woodward's actions were clearly reckless as he was put on notice that his motions were duplicative, and he admitted that he had no authority to support his filing multiple motions that all sought the same relief.  (Doc. 127 at 53:15–55:15).  Thus, sanctions under § 1927 are warranted.  *See Amlong & Amlong*, 500 F.3d at 1241 ("[O]bjectively reckless conduct is enough to warrant sanctions even if the attorney does not act knowingly and malevolently."); *see also Burgos v. Sand Canyon Corp.*, No. 4:19-CV-76 (CDL), 2020 WL 3258417, at *2 (M.D. Ga. June 16, 2020) ("Filing five meritless 'motions' to advance the

3

same frivolous arguments that were already made in a response brief fit the textbook definition of unreasonable and vexatious multiplication of litigation. This behavior merits § 1927 sanctions.").

## IV. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff and Woodward's Objection (Doc. 125) is **OVERRULED**.

2. The Report and Recommendation (Doc. 124) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. Defendant's Motion for Sanctions (Doc. 108) is **GRANTED in part** as set forth in this Order and the Report and Recommendation and **DENIED** in all other respects. Defendant is entitled to an award of fees under § 1927 against Mr. Woodward for the filings at Docket Entries 82, 83, 84, and 89.

4. Defendant shall file a renewed motion for quantification by **March 22, 2022**.

5. Defendant's Motion for Attorney's Fees (Doc. 109) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on March 8, 2022.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

4